JUDGE COTE

07 CV 4791

294-07/DPM/LJK
FREEHILL HOGAN & MAHAR, LLP
Attorneys for Plaintiff
STOLT-NIELSEN TRANSPORTATION GROUP B.V.
80 Pine Street
New York, NY 10005
Telephone: (212) 425-1900 / Facsimile: (212) 425-1901
Don P. Murnane, Jr. (DM 3639)
Lawrence J. Kahn (LK 5215)

JUN 0 5 2007

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
STOLT-NIELSEN TRANSPORTATION GROUP B.V.,            07 CIV.    (    )

                Plaintiff,                                **VERIFIED COMPLAINT**

  -against-

MAHADEV AGRIBUSINESS CO.,

                Defendant.
------------------------------------------------------------x

    Plaintiff STOLT-NIELSEN TRANSPORTATION GROUP B.V. ("STOLT"), by its attorneys Freehill Hogan & Mahar, LLP, as and for its Verified Complaint against Defendant MAHADEV AGRIBUSINESS CO. ("MAHADEV") alleges upon information and belief as follows:

    1.    This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure in that it involves a claim for breach of a maritime contract of charter party. The case also falls within this Court's admiralty and maritime jurisdiction pursuant to 28 U.S.C. §1333 and / or the Federal Arbitration Act, 9 U.S.C. §1 *et seq.* and /or §201 *et seq.* and this Court's federal question jurisdiction pursuant to 28 U.S.C. §1331.

    2.    At all times relevant hereto, STOLT was and still is a foreign business entity organized and existing under the laws of a foreign country, with an office in care of Stolt-Nielsen Transportation Group Inc., located at 800 Connecticut Avenue, Norwalk, CT 06854.

NYDOCS1/284287.3

3. At all times relevant hereto, MAHADEV was and still is a business entity organized and existing under the laws of a foreign country, with an office and place of business at S.C.O. 867, Office No. 14, 2nd Fl., Shivalek Enclave, Maniamajra, Chardigarh, Chardigarh, India.

4. On or about April 5, 2007, STOLT entered into a modified "Vegoilvoy" form contract of charter party (the "charter") with MAHADEV for the carriage of 5000 metric tons 1 Grade Palm Olein in Bulk (with 2% MOLOO) aboard the M.T. STOLT OSPREY from Kuantan, Malaysia to Toamasina, Madagascar.

5. STOLT has met all of its obligations to MAHADEV under the charter and presented the vessel for loading by MAHADEV at Kuantan pursuant to the charter.

6. In the breach of the charter, MAHADEV failed to provide a cargo ready to load on the vessel on the vessel's arrival at Kuantan.

7. STOLT, in an effort to mitigate MAHADEV's demurrage exposure, agreed against a deviation payment of $90,000 to deviate from its intended voyage and traveled to a different port before returning to Kuantan to load MAHADEV's cargo.

8. In breach of the charter, however, MAHADEV failed to load any cargo aboard the M.T. STOLT OSPREY, and wrongfully cancelled the charter after MAHADEV incurred 263 hours on demurrage.

9. Pursuant to the charter, MAHADEV is obligated to make the "deadfreight" payments to STOLT arising from its breach totaling the sum of $397,800.00 and is also obliged to pay deviation expenses of $90,000.

10. In addition, STOLT has incurred demurrage charges which remain due and owing to STOLT in the total the sum of $329,062.50.

11.     STOLT has demanded payment from MAHADEV in the total sum of $816,862.50 for its deadfreight, deviation and demurrage claims but MAHADEV in breach of the charter has refused or has otherwise failed to pay such amounts.

12.     Pursuant to the terms of the charter, which incorporates by reference the terms of the modified Vegoilvoy charter party form, and the "Stolt Standard Arbitration Clause" contained therein, all disputes between STOLT and MAHADEV are subject to arbitration at New York pursuant to the Rules of the Society of Maritime Arbitrators, Inc. ("SMA Rules"). STOLT has commenced arbitration proceedings against MAHADEV in New York and specifically reserves its right to arbitrate the merits of its dispute with MAHADEV pursuant to the terms of the charter.

13.     This action is brought in order to obtain security in favor of STOLT in respect to its deadfreight, deviation and demurrage claims against MAHADEV, plus interest and STOLT's anticipated attorneys' fees and costs in the arbitration, all of which are awardable by the arbitrators pursuant to the terms of the arbitration agreement and the SMA Rules, as evidenced by the charter.

14.     After investigation, Defendant MAHADEV cannot be "found" within this District for the purpose of Rule B of the Supplemental Rules of Certain Admiralty and Maritime Claims, but Plaintiff is informed that Defendant has, or will shortly have, assets within this District comprising, *inter alia*, cash, funds, credits, debts, wire transfers, accounts, letters of credit, freights, sub-freights, charter hire and/or sub-charter hire, of, belonging to, due or for the benefit of Defendant MAHADEV at, moving through, or being transferred and/or wired to or from banking institutions or such other garnishees who may be served with a copy of the Process of Attachment issued herein.

15. As nearly as presently can be computed, the total amount sought to be attached pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims by STOLT against MAHADEV includes:

(a) STOLT's claim for outstanding deadfreight in the sum of $397,800.00;

(b) STOLT's claim for outstanding deviation in the sum of $90,000.00;

(c) STOLT's claim for outstanding demurrage in the sum of $329,062.50

(d) Interest in the amount of $220,552.88, calculated on the above sum at the rate of 9% per annum, the statutory interest rate in the State of New York, for three years, the estimated time it will take to obtain a final arbitration award and enter judgment thereon; and

(e) Legal fees, arbitrators' fees, and costs which are estimated to be in the sum of sum of $150,000.00.

16. STOLT specifically reserves its right to seek an increase in the amount of security should the foregoing be insufficient to fully secure STOLT.

17. Based upon the foregoing, the total amount STOLT seeks to attach in this action, pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, is **$1,187,415.38.**

W H E R E F O R E, Plaintiff STOLT-NIELSEN TRANSPORTATION GROUP B.V. prays:

a. That process in due form of law according to the practice of this Court may issue against Defendant MAHADEV AGRIBUSINESS CO., citing it to appear and answer the foregoing, failing which a default will be taken against it for the principal amount of the claim of $816,862.50, plus interest, costs and attorneys' fees;

b. That if the Defendant cannot be found within this District pursuant to Supplemental Rule B, all tangible or intangible property of the Defendant as described herein, up to and including the amount of the claims of **$1,187,415.38** be restrained and attached, including, but not limited to any cash, funds, credits, debts, wire transfers, accounts, letters of credit, freights, charter hire, sub-charter hire, and/or other assets of, belonging to, due, held or being transferred to or for the benefit of the Defendant at, moving through, or being transferred and/or wired to or from banking institutions or such other garnishees who may be served with a copy of the Process of Attachment issued herein;

c. That the Court enter an order directing Defendant to appear and respond in arbitration as required, or, to the extent an award is rendered against the Defendant, to confirm that award as a judgment of this Court; and

d. That Plaintiff have such other, further and different relief as this Court may deem just and proper in the premises.

Dated: New York, New York
June 4, 2007

          FREEHILL HOGAN & MAHAR, LLP
          Attorneys for Plaintiff
          STOLT-NIELSEN TRANSPORTATION GROUP B.V.

          By: _____
          Don P. Murnane, Jr. (DM 3639)
          Lawrence J. Kahn (LK 5215)
          80 Pine Street
          New York, NY 10005
          (212) 425-1900 / (212) 425-1901 fax

## ATTORNEY VERIFICATION

State of New York    )
                             ) ss.:
County of New York )

Don P. Murnane Jr., being duly sworn, deposes and says:

1. I am a member of the law firm of Freehill Hogan & Mahar, LLP, attorneys for the Plaintiff in this action. I have read the foregoing Verified Complaint and know the contents thereof, and the same is true to the best of my knowledge, information and belief.

2. The sources of my information and the grounds for my belief are communications from our client and documents provided by our client regarding this claim.

3. The reason this verification is made by an attorney and not by the Plaintiff is because the Plaintiff is a foreign entity, none of whose officers are presently within the State of New York.

_____
Don P. Murnane, Jr.

Sworn to before me this
4th day of June, 2007

_____
NOTARY PUBLIC

HAZEL S. ROSENTHAL
Notary Public, State of New York
No. 01RO4641178
Qualified in Queens County
Certified in New York County
Commission Expires Dec. 31, 2010

NYDOCS1/284287.3            6